NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts.*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections @ appellate.courts.state.ak.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | | |
|---|---|---|
| STATE OF ALASKA, | ) | |
| | ) | Court of Appeals No. A-11389 |
| Appellant, | ) | Trial Court No. 4FA-11-4262 CR |
| | ) | |
| v. | ) | |
| | ) | O P I N I O N |
| TARA LEIGHTON, | ) | |
| | ) | |
| Appellee. | ) | No. 2431— October 24, 2014 |
| | ) | |

Petition from the Superior Court, Fourth Judicial District, Fairbanks, Randy M. Olsen, Judge.

Appearances: Tamara E. de Lucia and Timothy W. Terrell, Assistant Attorneys General, Office of Special Prosecutions and Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for the Appellant. Wendy M. Doxey, Law Offices of William R. Satterberg Jr., Fairbanks, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Hanley, District Court Judge.[*]

Judge HANLEY.

---

[*] Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution and Administrative Rule 24(d).

In this appeal, we are asked to decide whether the grand jury clause of the Alaska Constitution (article I, section 8) requires grand juries to be instructed that they have absolute discretion to refuse to return an indictment, even when the State presents sufficient evidence to support the accusation. In this case, the superior court ruled that grand juries must be instructed in this fashion. For the reasons explained here, we reverse that decision.

*Underlying facts and the superior court's ruling*

Tara Leighton was indicted on five counts of first-degree sexual abuse of a minor for engaging in sexual penetration with a thirteen-year-old girl who played on a sports team that Leighton coached. Leighton moved to dismiss her indictment, arguing that the grand jurors should have been instructed that they could refuse to return the indictment even though the State's evidence was sufficient to justify the charges.

The Alaska Supreme Court has recognized that the grand jury acts "as both a shield and [a] sword of justice."[1] On the one hand, the grand jury is an accusatory and investigative body "tasked with determining whether criminal proceedings against the accused should be instituted."[2] But the grand jury also plays a protective role, "operat[ing] to control abuses by the government and protect[ing] the interests of the accused."[3]

In accordance with this law, the presiding judge of the Fourth Judicial District instructed Leighton's grand jury that its duty was two-fold:

---

[1] *Cameron v. State*, 171 P.3d 1154, 1156 (Alaska 2007).

[2] *Id.* (citing *United States v. Calandra*, 414 U.S. 338, 343-44 (1974)).

[3] *Id.* (alterations in *Cameron*) (quoting *Preston v. State*, 615 P.2d 594, 602 (Alaska 1980) (internal quotation marks omitted)).

> First, grand jurors have an obligation to the people of the State of Alaska to compel persons charged with serious criminal conduct to answer for that conduct if there are grounds for the charge. At the same time, however, grand jurors have an obligation to every individual to ensure that no one is subjected to criminal prosecution without good cause.

The presiding judge then gave the instruction that is at issue in this case. We have italicized the language that Judge Olsen believed was improper:

> Once you have heard the State's evidence along with any additional evidence presented at the request of the grand jury, you must decide whether that evidence, if unexplained or uncontradicted, would warrant conviction of the defendant. If at least ten of you believe the evidence has met that standard, the indictment *should be endorsed "a true bill"* and signed by your foreperson. If not, the proposed indictment should be endorsed "not a true bill" and signed by your foreperson.

Judge Olsen concluded that the above-quoted three sentences did not properly convey the grand jury's "absolute, unfettered discretion" under the Alaska Constitution to refuse to return a true bill.

The judge acknowledged that the word "should" means something different from the word "shall" — that "should" does not convey a command, but rather "an expectation of what ought to be done, with some inherent flexibility as to the actor's ability to depart from the expectation."

Nevertheless, Judge Olsen concluded that "should" did not sufficiently convey the grand jury's complete and unfettered discretion to refuse a proposed indictment. The judge ruled that the presiding judge was required to use the word "may" when describing the grand jury's authority to return a true bill because this was the word

used in article I, section 8 of the state constitution: "The grand jury shall consist of at least twelve citizens, a majority of whom concurring *may* return an indictment."[4]

Judge Olsen further concluded that this error in instructing the grand jury could not be harmless because no one could predict how any particular grand jury might exercise this absolute discretion in any particular case.

After the superior court denied the State's motion for reconsideration, the State filed this petition for review.

*Why we conclude that the superior court's ruling is based on a misinterpretation of the grand jury clause of the Alaska Constitution*

Judge Olsen's ruling that the grand jury should be instructed that it "may" return an indictment was based on a misreading of the grand jury clause of the Alaska Constitution (article I, section 8). This clause provides, in pertinent part:

> The grand jury shall consist of at least twelve citizens, a majority of whom concurring may return an indictment.

As the State points out in its brief, the first part of this sentence fixes the minimum number of citizens required to form a grand jury, while the second part of this sentence defines the minimum number of grand jurors — "a majority" of the entire grand jury — who must concur in an indictment before the grand jury is allowed to indict someone.

In this sentence, the phrase "may return an indictment" stands for the concept of "is authorized to return an indictment." This phrase does not refer to the legal test for when an indictment is justified, nor does this phrase refer to the grand jury's power to refuse to endorse a proposed indictment.

---

[4] Emphasis added.

There is nothing in the language of this sentence, and nothing in the discussions in the Alaska Constitutional Convention pertaining to this sentence,[5] to suggest that the purpose of this language was to create or acknowledge a grand jury right of "nullification" — a right to refuse to indict someone for any reason the grand jurors might see fit.

Moreover, to the extent that grand juries in Alaska have a power of nullification (an issue we do not decide), the instruction used by the presiding judge adequately conveyed this concept. As we explained earlier, the presiding judge told the grand jurors that if at least ten of them believed that the State's evidence met the standard for issuing an indictment, "the indictment *should* be endorsed 'a true bill' and signed by your foreperson."

Judge Olsen himself acknowledged that the word "should" did not convey a command, but only an "expectation of what ought to be done" — and that this word conveyed to the grand jurors "some inherent flexibility ... to depart from the expectation."[6]

To support his ruling, Judge Olsen additionally relied on a statute, AS 12.40.050, which provides: "The grand jury may indict or present a person for a crime upon sufficient evidence, whether that person has been held to answer for the crime or not." While this statute uses the word "may," it does not address the grand jury's discretion to refuse to return an indictment. Rather, the statute addresses a different issue: the grand jury's authority to return an indictment on charges that the

---

[5]   6 Proceedings of the Alaska Constitutional Convention 63-64, 71 (Dec. 15, 1955).

[6]   *See United States v. Navarro-Vargas*, 408 F.3d 1184, 1204 (9th Cir. 2005) (holding that instructing the grand jurors that they "should" indict if they find probable cause did not violate the grand jury's independence because "[a]s a matter of pure semantics" this wording "does not eliminate discretion on the part of the grand jurors" and it "leav[es] room for the grand jury to dismiss even if it finds probable cause").

State has not proposed, if the evidence justifies the charges.[7]  Again, the word "may" is being used in the sense of "is authorized to."

In sum, neither Judge Olsen nor Leighton has offered us a convincing basis for concluding (1) that grand jurors have absolute discretion to refuse to return an indictment — for any reason, or for no reason at all — and (2) that the superior court is prohibited from instructing grand jurors that they "should" return an indictment if the evidence justifies it.

We acknowledge that the assistant district attorney who presented Leighton's case to the grand jury gave the grand jurors additional instructions that arguably contradicted the presiding judge's instructions. But Judge Olsen's ruling in this case was based solely on the wording of the presiding judge's instructions, and that is the only ruling before us.

*Conclusion*

The superior court's decision is REVERSED, and the indictment against Leighton is REINSTATED.

---

[7]  *See Sleziak v. State*, 454 P.2d 252, 261 & n.30 (Alaska 1969).